UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---------------------------------------------------------x
                                                  :
UNITED STATES OF AMERICA        :   Civil Action No. 04-2892 (TJS)
ex rel. ROBERT P.                             :
BAUCHWITZ, M.D., Ph.D.              :
                                                  :
                Plaintiff,                   :
                                                  :
          v.                                      :
                                                  :
WILLIAM K. HOLLOMAN, PH.D., et al., :
                                                  :
                Defendants.         :
---------------------------------------------------------x

**DECLARATION OF THOMAS S. McNAMARA**

      THOMAS S. McNAMARA declares as follows:

      1.     I am an attorney duly admitted to practice law in the Commonwealth of Pennsylvania and in this Court, and am a shareholder of the law firm of Indik & McNamara, P.C., co-counsel for Robert P. Bauchwitz, M.D., Ph.D. ("Bauchwitz" or "Plaintiff"), the plaintiff and relator in this action. I make this declaration in connection with and in support of my accompanying motion for leave to withdraw as attorney for Plaintiff, and for a reasonable extension of the deadlines and trial date specified in the current Scheduling Order, to enable the Plaintiff to retain new counsel. Unless otherwise indicated, I have personal knowledge of the facts set forth in this declaration.

      **A.**     **Procedural and Factual Background**

      2.     In this action, Plaintiff asserts claims against defendants based on their alleged submission of false claims to the United States in violation of the False Claims Act ("FCA"), 31 U.S.C. §§ 3729-3733 (2003).

3.  On June 30, 2004, Plaintiff, acting by and through his former counsel, Regina D. Poserina, Esq., filed his initial Complaint in this action under seal, as required by the FCA.

4.  On information and belief derived from review of a petition filed in this action by Plaintiff, by and through his former counsel, on August 29, 2005 [Doc. 12], from June 30, 2004 until early August 2005, while the Complaint remained under seal, Plaintiff and his former counsel met and corresponded with the Government, while the Government evaluated the claims made in the initial Complaint. On information and belief based on the same petition, the Government ultimately notified Plaintiff and his former counsel of its election not to intervene in this action on August 17, 2005.

5.  On August 24, 2005, acting at the request of Plaintiff and his counsel, the Government filed an unopposed motion for final extension of the seal on this action, and for extension of its evaluator period, which were then scheduled to expire on September 1, 2005 [Doc. 10]. By Order of the same date, the Court denied the motion [Doc. 11].

6.  On August 29, 2005, Plaintiff, by and through his former counsel, filed a petition for an in camera hearing and extension of the seal for a period of 30 days [Doc. 12].

7.  By Order dated and entered on August 30, 2005 [Doc. 13], the Court granted the petition in part, and Ordered that the case remain under seal until September 16, 2005.

8.  On September 1, 2005, the Government filed its formal Notice of Election to Decline Intervention [Doc. 14].

9. By Order dated and entered on September 6, 2005 [Doc. 15], the Court directed Plaintiff to elect to prosecute or dismiss the this action no later than September 16, 2005, and further order that, if Plaintiff elected to proceed, the Complaint be unsealed and served promptly on Defendants by Plaintiff.

10. On September 29, 2005, Plaintiff's former counsel, Regina D. Poserina, Esq., filed a petition for leave of Court to withdraw as counsel, based on the Government's election not to intervene [Doc. 17]. By Order dated and entered on October 4, 2005 [Doc. 18], the Court scheduled a hearing to show cause for October 17, 2005 in connection with the petition to withdraw.

11. On October 7, 2005, Ms. Poserina filed a "Notice of Substitution of Counsel" [Doc. 19] in which she purported to withdraw her appearance as counsel for Plaintiff, and in which Plaintiff purported to enter his appearance as "pro se counsel."

12. By Order dated and entered on December 13, 2005 [Doc. 22], the Court granted Ms. Poserina's motion for leave to withdraw as counsel for Plaintiff.

13. By separate Order dated and entered on December 13, 2005 [Doc. 23], the Court directed the Government to show cause on December 20, 2005 why Plaintiff should not be permitted to prosecute this action pro se, and directed Plaintiff to show cause why the action should not be dismissed for lack of prosecution.

14. On information and belief, Plaintiff appeared at the December 20, 2005 hearing, and communicated to the Court, at and following the hearing, concerning the status of his efforts to retain new counsel.

15. By Order dated and entered on April 19, 2006 [Doc. 25], the Court dismissed this action based on the Government having declined to prosecute the action, and no action having been taken since December 20, 2005.

16. In or about May 2006, I, together with attorneys Stephen R. Bolden and Richard C. Ferroni of the Fell & Spalding law firm, as co-counsel, agreed and undertook collectively to represent Plaintiff in filing a motion pursuant to Fed.R.Civ.P. 60(b) seeking to vacate this Court's May 19, 2006 Order dismissing this action. We did so pursuant to an agreement and understanding that that counsel would share the workload, costs and any fees earned in this action.

17. On May 17, 2006, Messrs. Bolden, Ferroni and I, as co-counsel, filed a Motion Pursuant to Fed.R.Civ.P. 60(b) to Vacate Dismissal of Action, on behalf of Plaintiff, together with a supporting memorandum of law and declaration of the Plaintiff, under seal [Doc. 26].

18. On May 19, 2006, Stephen R. Bolden and Richard C. Ferroni of Fell & Spalding filed a written Entry of Appearance as co-counsel for the Plaintiff in this action [Doc. No. 28].

19. By Order dated and entered on April 19, 2007 [Doc. 35], the Court granted Plaintiff's motion to vacate dismissal of the action, and directed Plaintiff to file his Amended Complaint, and to serve the Amended Complaint and Summons upon each of the defendants no later than May 25, 2007.

20. On May 17, 2007, Messrs. Bolden and Ferroni of Fell & Spalding, and I, as co-counsel, filed a First Amended Complaint on behalf of Plaintiff [Doc. 37].

21. On May 17, 2007, I filed a formal written Entry of Appearance as co-counsel for the Plaintiff in this action [Doc. No. 38].

22. On or about May 23, 2007, my law firm Indik & McNamara, P.C., and I (collectively, "I&M"), along with Stephen R. Bolden, Richard C. Ferroni and their law firm, Fell & Spalding (collectively, "F&S" and, together with I&M defined "collectively" as the "Law Firms"), entered into a written letter agreement with Plaintiff (signed by him on May 27, 2007) (the "Engagement Agreement"), confirming the terms and conditions on which we had agreed that the Law Firms *collectively* would represent Plaintiff in this action.  The Engagement Agreement provided, among other things, for the payment of legal fees to, and the sharing of legal fees by, the Law Firms, and for the allocation and sharing of responsibility for the payment of certain costs and expenses of the litigation between, among and by Plaintiff and the Law Firms, as detailed in the Engagement Agreement.  The Engagement Agreement was expressly predicated on the Law Firms' collective representation of Plaintiff, and implicitly recognized the agreement and understanding that the Law Firms would have the right, and intended, to share and allocate among themselves responsibility for performance of the legal services required in connection with their representation of Plaintiff this action.

23. On July 11, 2007, defendants William K. Holloman, Ph.D., and Cornell University Medical College (the "Cornell Defendants") and Eric B. Kmiec, Ph.D., and Thomas Jefferson University (the "Jefferson Defendants") filed motions to dismiss the First Amended Complaint [Doc. 50, 55].

24. On August 16, 2007, Plaintiff filed a memorandum [Doc. 62] and declaration [Doc. 63] in opposition to the motions to dismiss his First Amended Complaint.

25. On September 11, 2007, the Cornell Defendants filed a reply [Doc. 69], and on September 13, 2007, the Jefferson Defendants filed a reply, in further support of their respective motions to dismiss the First Amended Complaint.

26. By Order dated and entered December 19, 2007 [Doc. 72], the Court directed that the Defendants' motions to dismiss be treated as motions for summary judgment on the issue of the statute of limitations, and directed the parties to conclude discovery *limited to the issue of the statute of limitations* no later than February 18, 2008, defendants to file memoranda of law of the issue of the statute of limitations by March 18, 2008, and Plaintiff to file his response no later than April 18, 2008.

27. The parties thereafter conducted discovery limited to the issue of the statute of limitations.

28. By Order dated and entered on January 22, 2008 [Doc. 75], the Court granted Plaintiff's unopposed motion for an extension of the deadlines for the completion of discovery and briefing on the statute of limitations, directing the parties to conclude discovery by February 29, 2008, defendants to file their memoranda of law by April 1, 2008, and Plaintiff to file his response no later than April 15, 2008.

29. By Order dated March 3, 2008, the Court directed the Clerk to transfer this action to the civil suspense file, but specified that the Order did not affect the deadlines set forth in its January 22, 2008 Order, and that the case would be returned to the trial docket when the pending motions were decided.

30. On April 1, 2008, the Cornell Defendants and the Jefferson Defendants filed their respective motions for summary judgment on the issue of the statute of limitations, with supporting briefs and statements of undisputed facts [Doc. 84, 85, 86].

31. Plaintiff filed his memorandum, statements of disputed fact and additional disputed facts, and exhibits, in opposition to Defendants motions for summary judgment, on April 16, 2008 [Doc. 88, 89, 90].

32. Defendants filed replies in further support of their respective motions for summary judgment on April 24, 2008 [Doc. 95, 97].

33. On February 23, 2009, the Court heard oral argument on Defendants' motions for summary judgment on the statute of limitations [Doc. 108].

34. As directed by the Court at oral argument, the parties and the Government promptly submitted certain supplemental filings addressing issues raised by the Court at oral argument [Doc. 109, 110, 111, 112].

35. On March 30, 2009, the Court entered an Order placing the motions for summary judgment in suspense [Doc. 113].

36. On December 1, 2009, the Court entered Orders granting the motion for summary judgment of the Jefferson Defendants [Doc. 117] and denying the motion for summary judgment of the Cornell Defendants [Doc. 118] based on the statute of limitations, and issued a Memorandum Opinion [Doc. 116], in which the Court held that all of Plaintiff's claims against the Cornell Defendants were untimely, except with respect to grant 2 R01 GM 42482012A2.

37. On December 1, 2009, the Court also entered an Order scheduling a pretrial conference for December 16, 2009 [Doc. 115].

38. On December 2, 2009, the Court entered an Order directing the Court to transfer this action to the active trial list [Doc. 119].

39. On December 15, 2009, the Cornell Defendants filed their Answer to the Amended Complaint [Doc. 121].

40. On December 16, 2009, following the pretrial conference held that day, the Court entered a Scheduling Order [Doc. 122], directing that all fact discovery be completed and expert reports or information be exchanged by April 9, 2010, setting other pretrial deadlines, including deadlines for motions for summary judgment, pretrial memoranda and motions in limine, and listing the case for trial on August 19, 2010.

**B.**     **The Basis for Counsel's Request for Leave to Withdraw**

41. Beginning in or about early December 2009, and particularly from and after the pretrial conference conducted by the Court on December 16, 2009, and entry of the Scheduling Order, and continuing to the present, Plaintiff and I have had a series of disagreements concerning the means by which Plaintiff's objectives should be pursued in this case. More recently, Plaintiff insisted on taking action with which I had fundamental disagreement, including, among other things, actions to limit my ongoing participation in the case.

42. Through recent communications, Plaintiff has made it clear that fundamental and necessary components of an effective attorney-client relationship between us no longer exist. As a result, my attorney-client relationship with Plaintiff has deteriorated so severely that it has reached the point where I can no longer effectively serve as his legal counsel in this action.

43. By letter dated February 11, 2010, transmitted to me (with a copy to Messrs. Bolden and Ferroni) by email of the same date, Plaintiff notified me that he was terminating my "involvement in [his] representation." In a subsequent email transmitted to Messrs. Bolden and Ferroni on February 15, 2010, with a copy to me, Plaintiff confirmed that he had "dismissed" me for what he characterized as "good cause."

44. I have intentionally refrained from disclosing the nature and specific details of the disagreements between Plaintiff and me, the substance of my communications with Plaintiff relating to the disagreements, and the details of the circumstances underlying the breakdown of my attorney-client relationship with Plaintiff, to preserve and maintain the confidentiality of privileged communications with Plaintiff, and to avoid the disclosure of privileged communications or attorney work product.

45. The interests of justice would not be served by forcing the continuation of an attorney/client relationship characterized by the level of antagonism and hostility, and the lack of trust, that have developed on the part of Plaintiff towards me, and by the associated lack of effective communication between us.

**C.   Request for Extensions of Scheduling Order Deadlines and Trial Date**

46. I am aware that, due in substantial part to Plaintiff's discharge of me, my co-counsel, Messrs. Bolden and Ferroni of Fell & Spalding, are also seeking leave to withdraw as counsel for Plaintiff.

47. As a result, in addition to seeking leave to withdraw, I join with Messrs. Bolden and Ferroni in requesting the Court to modify the existing Scheduling Order by extending the discovery and other pretrial deadlines set forth therein, and by continuing the trial date, to afford Plaintiff a reasonable period of time within which to retain substitute counsel.

48. Plaintiff has diligently pursued discovery in this action, and plans and intends to pursue additional discovery.

49. While Plaintiff is and would be entitled to pursue such additional discovery within the remaining period for discovery specified in the existing Scheduling Order, I anticipate and believe that, if the Court grants Messrs. Bolden, Ferroni and me leave to withdraw, Plaintiff will need time to retain substitute counsel, and, as a result, will require a reasonable extension of the discovery and other pretrial deadlines (and a continuance of the trial date) specified in the existing Scheduling Order to enable him to do so.

50. I respectfully submit that, with a reasonable extension of the pretrial deadlines and continuance of the trial date to afford Plaintiff the opportunity to retain new counsel, the withdrawal of current counsel for Plaintiff will not prejudice any of the litigants, or harm the administration of justice, and will not unduly or unreasonably delay resolution of the case.

51. Under the circumstances, I respectfully submit that good cause exists for the Court to modify the existing Scheduling Order to extend the discovery and other pretrial deadlines, and to continue the trial date, for a reasonable period of time, to afford

Plaintiff the opportunity to retain new counsel, and to complete discovery and other pretrial actions with the benefit of new counsel.

52. Based on all of the foregoing facts, I respectfully submit that good cause exists for the Court to grant me leave to withdraw my appearance as attorney for Plaintiff in this action, and to modify the existing Scheduling Order by extending the discovery and other pretrial deadlines set forth therein, and by continuing the trial date, to afford Plaintiff a reasonable period of time within which to retain substitute counsel.

I declare under penalty of perjury that the foregoing is true and correct. Executed on February 24, 2010.

/s/ Thomas S. McNamara
Thomas S. McNamara